IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HILARIO NIETO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-1002-D |
| | ) | |
| H.A. LEDEZMA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), on March 2, 2010. Judge Couch recommends that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 be denied on the merits because Petitioner's claims regarding prison disciplinary proceedings do not provide a basis for federal habeas relief. Petitioner has filed a timely written objection. Therefore, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a federal prisoner who appears *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, based on claims of constitutional error with respect to a 2008 prison disciplinary conviction and loss of good conduct credits for encouraging a group demonstration. In the Report, Judge Couch conducts a thorough analysis of the issues raised in the Petition and accompanying Memorandum of Law in Support of Petition [Doc. No. 3], as well as a reply brief [Doc. No. 15]. Petitioner strenuously objects to the findings stated in the Report and accuses Judge Couch of judicial bias and unsupported factual findings. In particular, Petitioner denies having made a

statement attributed to him in the incident report and in the discipline hearing officer's report, to the effect that whatever the inmates agreed on in a meeting in the recreational yard, they needed to stick to it and follow through. Petitioner accuses prison officials of fabricating evidence and denying him due process with regard to the charge against him.[1]

Upon careful review of Petitioner's objections, independent examination of the case record, and *de novo* consideration of the issues, the Court fully concurs in Judge Couch's analysis. The Court finds that the record contradicts Petitioner's allegation that he never made an oral statement like the one attributed to him. In fact, the record contains his own handwritten statement, submitted during the administrative appeals process, explaining the oral statement and the context in which it was made. *See* Mem. Law Supp. Pet., Ex. D [Doc. 3-5] at 2. While the Court understands Petitioner's position that the statement was distorted and wrongly interpreted in a manner not intended, the Court finds that there was sufficient evidence before the disciplinary hearing officer from which a finding of guilt of the charge of encouraging a group demonstration could reasonably be made and that other requirements of the Due Process Clause were satisfied. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1444-45 (10th Cir. 1996). The Court further finds that Petitioner's claims of constitutional error are unsupported by the case record and that no factual issue is presented for which an evidentiary hearing is needed. *See Hill*, 472 U.S. at 455 ("Ascertaining whether [the some-evidence] standard is satisfied does not require . . . independent assessment of the credibility of witnesses.").

In short, for the reasons fully explained by Judge Couch, the Court finds Petitioner is not entitled to habeas relief on the claims asserted and the Petition should be denied on the merits.

---

[1] Petitioner also makes a conclusory reference to a First Amendment right of assembly, which Judge Couch was careful to address. *See* Report & Recom. [Doc. 16] at 12-13 n.11.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 16] in its entirety. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 25th day of March, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE